## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

UNITED STATES OF AMERICA,

v.

KEISHAWN DONALD, et al.

No. 3:21-CR-8 (VAB)

---

### RULING AND ORDER ON MOTION TO SEVER

Keishawn Donald, Trevon Wright, Eric Hayes, and Harry Batchelor (collectively, the "Defendants")[1] have been charged in a one-count Superseding Indictment alleging the Defendants engaged in a conspiracy in violation of 18 U.S.C. § 1962(c) (the "RICO conspiracy"). *See* Superseding Indictment, ECF No. 52 (May 3, 2021) ("Superseding Indictment").

In advance of trial, Keishawn Donald filed a motion for severance. *See* Mot. to Sever and for a Trial Separate from Alleged Co-Conspirators, ECF No. 223-1 (May 13, 2022) ("Mot. to Sever").

For the following reasons, the motion to sever will be **DENIED**.

### I.      BACKGROUND

On May 3, 2021, a grand jury returned a superseding indictment against eight defendants that alleged a one-count RICO conspiracy involving an alleged gang operating in the East End neighborhood of Bridgeport, Connecticut. *See* Superseding Indictment ¶¶ 1–2.

---

[1] Four other individuals, Travon Jones, Tyron Moore, Kyran Dangerfield, and Charles Anthony Bonilla, were originally charged but have since pled guilty. *See* Plea Agreement, ECF No. 137 (June 24, 2021) (Charles Anthony Bonilla); Plea Agreement, ECF No. 247 (Aug. 29, 2022) (Travon Jones); Plea Agreement, ECF No. 239 (July 5, 2022) (Tyron Moore); Plea Agreement, ECF No. 184 (Nov. 15, 2021) (Kyran Dangerfield).

On May 26, 2021, Mr. Donald was arraigned before Magistrate Judge Farrish and Mr. Donald plead not guilty. *See* Min. Entry, ECF No. 114.

On July 7, 2021, the Government filed a consent motion for pre-trial and trial scheduling order. *See* Consent Mot. to Adjourn Pre-Trial and Trial Scheduling Order, ECF No. 144. On July 12, 2021, the Court granted the consent motion and scheduled jury selection for July 11, 2022. *See* Order, ECF No. 155.

On April 4, 2022, Mr. Donald filed a motion for enlargement of time to file substantive motions, *see* Mot. for Enlargement of Time, ECF No. 205, which the Court granted, *see* Order, ECF No. 209.

On April 21, 2022, the Court held a status conference with all parties. *See* Min. Entry, ECF No. 215.

On April 21, 2022, the Court issued an order requiring the parties to file any motions to sever or other motions that may affect the jury selection date by May 13, 2022, and noting that the parties expect to continue the July 2022 jury selection date to April 2023. *See* Order, ECF No. 216.

On May 13, 2022, Mr. Donald filed a motion for severance and for a trial separate from his alleged co-conspirators. *See* Mot. to Sever.

On May 26, 2022, the Government filed a memorandum in opposition to Mr. Donald's motion to sever. *See* Resp. to Donald's Mot. to Sever, ECF No. 224 ("Opp'n").

On August 19, 2022, Mr. Donald moved to continue the jury selection date to April 10, 2023, *see* Mot. to Continue Jury Selection, ECF No. 243, which the Court granted, *see* Order, ECF No. 244.

On December 19, 2022, the Court held a telephonic status conference. *See* Min. Entry, ECF No. 261.

On December 22, 2022, the Government submitted a joint motion for scheduling order. *See* Joint Mot. for Scheduling Order, ECF No. 263.

On December 23, 2022, the Court granted the joint motion, set pre-trial deadlines, and scheduled jury selection to begin on April 17, 2023. *See* Order, ECF No. 264.

## II.      STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 8(a), offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks and citations omitted).

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Joinder is proper of multiple defendants "only if the charged acts are part of a series of acts or transactions constituting an offense or offenses." *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988) (internal quotation marks and citation omitted). "[M]ultiple defendants cannot be tried together on two or more 'similar' but unrelated acts or transactions . . . ." *Id*.

Even if defendants are properly joined, however, "the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Federal Rule of Criminal Procedure 14 "leaves the tailoring of the relief to be granted,

if any, to the district court's sound discretion." *Page*, 657 F.3d at 129 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

The Supreme Court has made clear that the burden for severance is high, and a district court should sever "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The "defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). And under Rule 14, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 538 (citation omitted).

## III.  DISCUSSION[2]

Rule 14 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Cim. P. 14. There is a strong preference, however, for joint trials in the federal system. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *see also United States v. Jackson*, 180 F.3d 55, 75 (2d Cir. 1999) ("[T]here is a clear preference that defendants who are indicted together be tried jointly . . . ."). Accordingly, "a district court should grant a severance under Rule 14 only if there is a

---

[2] Mr. Donald does not argue that joinder under Rule 8 was improper and therefore, the Court focuses this ruling and order on Rule 14. *See* Mot. to Sever at 1 ("The defendant . . . pursuant to Fed. R. Crim. Pro. 12(b)(3)(D), Def. R. Crim. Pro. 14 and the Fifth and Sixth Amendments to the United States Constitution, has moved to sever the [G]overnment's current prosecution of him from the other co-defendants with whom he is joined under Indictment 3:21CR08 (VAB)."); *see also id.* at 2 ("Joinder of defendants is allowed under Fed. R. Crim. Pro. 8(b) 'if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses.' However, Fed. R. Crim. Pro. 14(a) recognizes that joinder may be so prejudicial as to mandate severance . . . .").

serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Mr. Donald argues that there is a substantial risk of an unfair trial here, where "the [G]overnment will presumably offer evidence of seven violent felonies, including the killing of four people on four separate dates . . . which would not be admissible if Keishawn Donald were tried alone." Mot. to Sever at 3. In Mr. Donald's view, he was only allegedly involved in one relevant overt act on January 30, 2018, and was thereafter in the custody of the Connecticut Department of Corrections. *See id.* at 1–2. Therefore, Mr. Donald argues he will be substantially prejudiced by the Government's evidence of the four alleged homicides, the two alleged attempted homicides, and the one alleged agreement to commit homicide. *See id.* at 2. Mr. Donald argues that "severance is necessary to avoid a miscarriage of justice . . . given the relative gravity of his charged misconduct, with its accompanying penalties, and notwithstanding any preference within the federal system to try jointly accused defendants together." *Id.* at 3. Mr. Donald argues that this "prejudicial spillover" cannot be alleviated by jury instructions. *Id.* at 4. Mr. Donald emphasizes that severance would not overburden the court because the trial would likely be much shorter than the trial of his alleged co-defendants. *See id.* at 4.

In response, the Government argues that Mr. Donald was allegedly involved with three of the underlying predicate crimes, including an alleged January 30, 2018 homicide, an alleged attempted homicide, and an alleged narcotics conspiracy. *See* Opp'n at 2. In the Government's view, the evidence will establish the existence of the alleged conspiracy and that the alleged co-conspirators "engaged in narcotics trafficking, robberies and acts of violence." *Id.* at 15. The Government contends that once Mr. Donald allegedly agreed to join the conspiracy, he "is

responsible for each and every predicate act committed in furtherance of that agreement." *Id.*
Therefore, the Government argues, even if Mr. Donald's trial was severed, the Government
would still prove each of the overt acts listed in the Indictment to "establish the existence of the .
. . [alleged] conspiracy." *Id.* The Government emphasizes that "RICO conspiracy does not
require proof that the defendant intended that specific criminal acts be accomplished. Instead, it
suffices to show that he intended that the broad goals of the racketeering scheme be realized,
along with evidence that some . . . members of the conspiracy intended that specific criminal acts
be accomplished." *Id.* at 15–16 (internal quotation marks omitted) (citing *United States v.
Zemlyansky*, 908 F.3d 1, 11 (2d Cir. 2018)).

Additionally, the Government argues that while Mr. Donald was "incarcerated for
periods of time during the [alleged] conspiracy," he allegedly committed acts in furtherance of
the alleged conspiracy "whenever he was released." *Id.* at 18. The Government also states that
there is evidence that, while Mr. Donald was incarcerated, he allegedly "remained a member of
the" conspiracy and "was protected in prison by" an alleged co-conspirator. *Id.* Finally, the
Government argues that there is "no evidence that [Mr.] Donald withdrew from the [alleged]
conspiracy while incarcerated." *Id.*

The Court agrees.

Here, the efficiency resulting from a joint trial outweighs the prejudice, if any, to Mr.
Donald. *See United States v. Rajaratnam*, 753 F. Supp. 2d 299, 305 (S.D.N.Y. 2010) ("[T]he
coexistence of Rule 8 and Rule 14 assumes an 'inevitable tolerance of some slight prejudice to
codefendants, which is deemed outweighed by the judicial economies resulting from the
avoidance of duplicative trials.'" (quoting *United States v. Cardascia*, 951 F.2d 474, 482–83 (2d
Cir. 1991))). There is substantial overlapping evidence among the co-defendants, particularly in

light of the lack of evidence that Mr. Donald withdrew from the alleged conspiracy. *See* Opp'n at

18; *see also Zemlyansky*, 908 F.3d at 11 (stating that for a RICO conspiracy the Government

needs to prove that the defendant "intended that the broad goals of the racketeer scheme be

realized, along with evidence that some . . . members of the conspiracy intended that specific

criminal acts be accomplished"). Therefore, evidence of each of the overt acts allegedly in

furtherance of the conspiracy could be admissible against Mr. Donald, even if his motion for

severance were granted. Severance thus would produce two lengthy and duplicative trials,

resulting in unnecessary inefficiency as well as potential fairness concerns resulting from

inconsistent verdicts. *See Richardson*, 481 U.S. at 210 ("Joint trials generally serve the interests

of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative

culpability—advantages which sometimes operate to the defendant's benefit.").

Additionally, "differing levels of culpability and proof are inevitable in any multi-

defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v.

Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (internal quotation marks omitted) (citing *United States

v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983)). Even "joint trials involving defendants who are

only marginally involved alongside those heavily involved are constitutionally permissible." *Id*.

(quoting *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993)). "There are, of course,"

however, "cases in which the sheer volume and magnitude of the evidence against one defendant

so dwarfs the proof presented against his co-defendant that a severance is required to prevent

unacceptable spillover prejudice." *Id*. This is not such a case.

In circumstances such a this, a limiting instruction will be appropriate to cure any

prejudicial spillover from a joint trial with the alleged co-conspirators. *See Rajaratnam*, 753 F.

Supp. 2d at 305 ("[T]he use of limiting instructions has frequently been found to be an effective

device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." (internal citation omitted)); *see also United States v. Lasanta*, 978 F.2d 1300, 1307 (2nd Cir. 1992) *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999) ("[T]he district court countered any possible spillover with specific instructions to the jury" with instruction "that the jury should consider the evidence separately against each defendant . . . ."); *United States v. Casamento*, 887 F.2d 1141, 1153 (2d Cir. 1989) (finding no unfair prejudice where the "district judge instructed the jury to consider the evidence against each defendant separately from the evidence presented against the other defendants" (citing *Carson*, 702 F.2d at 367)).

Therefore, the Court cannot conclude that a joint trial would result in such substantial prejudice that it would outweigh the efficiency and fairness reasons to try Mr. Donald with his co-defendants. *See United States v. Bellomo,* 954 F. Supp. 630, 649 (S.D.N.Y.1997) (a defendant seeking severance under Rule 14 bears an "'extremely difficult burden' of proving . . . that the prejudice would be so great as to deprive him of his right to a fair trial." (internal citations omitted)).

Accordingly, Mr. Donald's motion to sever will be denied.

## IV.    CONCLUSION

For the foregoing reasons, the motion for severance is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this ▢th day of January, 2023.

                                    /s/ Victor A. Bolden
                                    Victor A. Bolden
                                    United States District Judge